UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Vince Richard Fowler, *et al.*,

        Plaintiffs,

v.

Charles Egeler Reception
& Guidance Center and the
Michigan Department of Corrections,

        Defendants.

_____/

Case No. 5:20-cv-13369
Honorable Judith E. Levy

Mag. Judge David R. Grand

**OPINION AND ORDER DISMISSING THE COMPLAINT [1]
AND CERTIFYING THAT AN APPEAL COULD NOT
<u>BE TAKEN IN GOOD FAITH</u>**

    Plaintiff Vince Richard Fowler and several other state prisoners housed at the Charles Egeler Reception and Guidance Center in Jackson, Michigan ("RGC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Defendants are the Michigan Department of Corrections ("MDOC") and the RGC. (*Id*. at PageID.1.)

    Plaintiffs sue Defendants in their official capacities for alleged violations of their rights under the Fourth, Eighth, Eleventh, and Fourteenth Amendments to the United States Constitution. (*Id*. at

PageID.2, 4.) Plaintiffs' allegations lack an arguable basis under the law and fail to state a plausible claim for relief because Defendants are immune from suit and are not "persons" under § 1983. Accordingly, the Court will dismiss the complaint and close this case.

## I. Background

Plaintiffs' allege that Defendants are not following the proper medical procedures or taking the necessary steps to protect them from COVID-19. (*Id.* at PageID.4–5, 7.) More specifically, Plaintiffs allege that Defendants refuse to treat them "on the spot" and make them wait days for treatment. (*Id.* at PageID.4.) In addition, according to Plaintiffs, Defendants are not following the Governor of the State of Michigan's order in place at the time of their complaint to practice social distancing and to wear masks. (*Id.* at PageID.4–5, 7.)

Plaintiffs also allege that they are double-bunked during and after being quarantined, that they stand shoulder to shoulder (or less than six feet apart) when they wait in lines, and that, at most, they sit only two feet apart when eating. (*Id.* at PageID.7.) Plaintiffs state that the doors and equipment they touch on a regular basis are not cleaned frequently, that disinfectants and cleaning supplies are not readily available, and

2

that the staff and officers do not consistently wear masks around them. (*Id.*) Plaintiffs also complain that incoming inmates at RGC are not required to quarantine for fourteen days, and that inmates who test positive for COVID-19 are placed in the general population. (*Id.* at PageID.15.)

Plaintiffs claim that their health and lives are in danger and that Defendants have (i) violated their right to due process, (ii) deprived them of their liberty, (iii) engaged in gross negligence, and (iv) caused them mental and emotional distress. (*Id.* at PageID.4–5, 7.) They seek money damages for pain and suffering, mental and emotional distress, and endangerment to their lives. (*Id.* at PageID.8.) They also request home confinement and release on tethers. (*Id.*)

## II. Legal Standard

Vince Richard Fowler is the lead plaintiff in this action, and the Court granted him permission to proceed without prepaying fees and costs. (ECF No. 4.) The Court is required to screen a prisoner's complaint and to dismiss any complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight.* 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Under *Twombly* and *Iqbal*, the factual allegations in a complaint are accepted as true, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes

4

to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Analysis

Plaintiffs' complaint fails to state a claim for which relief may be granted because the Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

5

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Therefore, the Michigan Department of Corrections and its RGC are immune from suit.

Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, "[a] state prison is not a 'person' subject to suit under § 1983." *Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (unpublished decision citing *Will*, 491 U.S. at 65–71); *see also Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (explaining that "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term").

## IV. Conclusion

Plaintiffs' complaint lacks an arguable basis in law and is therefore frivolous. The complaint also fails to state a plausible claim for relief that may be granted. Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court also certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: January 26, 2023      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2023.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager